LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
AARON RIVIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RIVIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PATRICK K. WILLIS COMPANY, INC. dba AMERICAN RECOVERY SERVICE, a California corporation; ABLE AUTO ADJUSTERS, a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:20-cv-07431 RGK (KSx)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**(2) CONVERSION**<br><br><u>JURY TRIAL DEMANDED</u> |

## SECOND AMENDED COMPLAINT

Plaintiff Aaron Rivin alleges against defendants Patrick K. Willis Company, Inc. dba American Recovery Service ("ARS"), Able Auto Adjusters ("Able") and Does 1 through 10, inclusive, as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

3. Plaintiff is an individual over the age of 18, a resident of Los Angeles County and a citizen of California.

4. Defendant ARS is a California corporation with its principal place of business in Sacramento, California. ARS is a "repossession agency", as defined in California Business and Professions Code § 7500.2.

5. Defendant Able is a California corporation with its principal place of business in Hawthorne, California. Able is a "repossession agency", as defined in California Business and Professions Code § 7500.2.

6. Plaintiff does not know the true names, identities, and capacities of Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

7. At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Additionally, ARS had a nondelegable duty to not allow its agents, including Able, to breach the peace. Defendants are jointly and severally liable to plaintiff.

## OPERATIVE FACTS

8. Plaintiff leased a motor vehicle primarily for personal, family or household use from a car dealership in North Hills, California. Plaintiff signed a written lease agreement which gave the dealership a security interest in the vehicle. The dealership assigned the lease agreement to Kia Motors Finance.

9. Kia Motors Finance hired ARS to conduct the nonjudicial ("self-help") repossession of claimant's vehicle. ARS hired Able as its agent to assist in the repossession, by taking physical possession of plaintiff's vehicle.

10. At all times relevant, Able was operating subject to a Stipulated Settlement and Disciplinary Order with the Bureau of Security and Investigative Services ("BSIS"), a division of the California Department of Consumer Affairs. Pursuant to the Stipulated Settlement and Disciplinary Order, a copy of which is attached hereto as Exhibit 1, the BSIS stayed the revocation of Able's repossession agency license and the Repossession Agency Qualified Certificate of Myles Weiss, Able's President, until December 2020, based on, among other things, Able's admitted violations of California Business and Professions Code § 7508.2(d) by unlawfully entering a private garage, without consent, in order to repossess a consumer's vehicle.

11. Notwithstanding Able's probation and the terms of the Stipulated Settlement and Disciplinary Order, defendants completed the repossession of plaintiff's vehicle during the evening hours of August 2, 2020, by entering private property (the condominium building where plaintiff resides) in North Hills, California, which was secured by a locked gate and fence, without permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of California Commercial Code § 9609(b), the Collateral Recovery Act, Cal. Bus. & Prof. Code § 7508.2(d). Defendants' conduct also violated criminal laws, including California Business & Professions Code § 7502.1(a) (by violating California Business & Professions Code § 7508.2(d)), and California's criminal trespassing laws, found at California Penal Code § 602.

12. In order to get his car back after the illegal repossession, plaintiff had to pay Kia Motors Finance for defendants' repossession fee. Plaintiff also had to pay storage fees to defendants and the California Government Code repossession fee to the local police department. Moreover, after obtaining possession of his vehicle

from defendants, plaintiff discovered damage to his vehicle which defendants did during the unlawful repossession and/or while the car thereafter was in defendants' possession.

13. Plaintiff has suffered damages as a result of defendants' conduct, including, but not limited to, lost use of his vehicle, damage to his vehicle, payment of a repossession fee and storage charges, payment of the Government Code repossession fee and emotional distress, all of which are subject to proof.

**Punitive Damages Allegations**

14. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct. In further support of his prayer for punitive damages, plaintiff is informed and believes, and based thereon alleges, as follows:

    a. At all times relevant, and in willing and knowing disregard for the rights and safety of plaintiff and other persons, Able, through one or more of its officers, directors or managing agents, (i) authorized its repossession agents to undertake inherently dangerous self-help repossessions of motor vehicles by entering private property or secured areas, without permission, in violation of the terms of the Stipulated Settlement and Disciplinary Order, California Commercial Code § 9609(b), California Business and Professions Code § 7508.2(d) and the criminal laws, and/or (ii) employed its repossession agents with advance knowledge that those persons would or were likely to engage in such dangerous conduct.

    b. At all times relevant, ARS knew of the Stipulated Settlement and Disciplinary Order and its terms, and/or ARS was aware of complaints against Able

for conduct similar to that alleged herein by plaintiff. Nevertheless, in willing and knowing disregard for the rights and safety of plaintiff and other persons, ARS, through one or more of its officers, directors or managing agents, (i) authorized Able and its repossession agents to undertake inherently dangerous self-help repossessions of motor vehicles by entering private property or secured areas, without permission, in violation of the terms of the Stipulated Settlement and Disciplinary Order, California Commercial Code § 9609(b), California Business and Professions Code § 7508.2(d) and the criminal laws, and/or (ii) hired, retained or employed Able and its repossession agents with advance knowledge that those persons would or were likely to engage in such dangerous conduct. Alternatively, if ARS was unaware of the terms of the Stipulated Settlement and Disciplinary Order or other similar complaints against Able, ARS hired, retained or employed Able and its repossession agents to engage in the inherently dangerous activity of self-help repossessions without conducting a reasonable investigation into Able and its business practices, in willing and knowing disregard for the rights and safety of plaintiff and other persons.

    c. Defendants, through one or more of their respective officers, directors and/or managing agents, ratified, adopted and/or approved the wrongful and illegal conduct alleged herein by, among other things, retaining possession of plaintiff's vehicle and making him pay repossession and storage fees to defendants in order to get his car back, knowing that defendants had no right to retain possession of the vehicle or to collect any fees from plaintiff related to the repossession because it was completed in breach of the peace, and in violation of the terms of the Stipulated Settlement and Disciplinary Order, Business and Professions Code § 7508.2(d) and the criminal laws.

# FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

15. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

16. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

17. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt".

18. Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

19. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to plaintiff's obligation or alleged obligation to pay money to Kia Motors Finance, arising out of a transaction in which the property which was the subject of the transaction (plaintiff's vehicle) was primarily for personal, family or household purposes.

20. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking

nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Defendants had no present right to possession of plaintiff's vehicle due to their breach of the peace, as alleged herein.

21. As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

22. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

23. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

24. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF – CONVERSION
### (Against All Defendants)

25. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so, due to their breach of the peace, and thereafter retaining possession of the vehicle until plaintiff paid repossession and other fees.

27. As a direct and proximate result of defendants' conversion, plaintiff has been damaged in amounts which are subject to proof.

28. Plaintiff is entitled to recover punitive damages for defendants' conversion, to punish defendants for the conduct that harmed plaintiff and to discourage similar conduct in the future.

WHEREFORE, plaintiff prays for relief as set forth below.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of plaintiff's attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: December 14, 2020

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
AARON RIVIN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Offices of Brandon A. Block, A Professional Corporation, 9440 Santa Monica Boulevard, Suite 301, Beverly Hills, California 90210.

On the date of execution of this Proof of Service, I caused the attached document to be served on the person(s) listed below.

| Person(s): | Representing: |
|---|---|
| Jean A. Dalmore<br>jdalmore@murchisonlaw.com<br>Susan J. Welde<br>swelde@murchisonlaw.com<br>Matthew E. Voss<br>mvoss@murchisonlaw.com<br>Murchison & Cumming LLP<br>801 S. Grand Ave. 8th Floor<br>Los Angeles, California 90017 | Defendants PATRICK K. WILLIS COMPANY, INC. dba AMERICAN RECOVERY SERVICE and ABLE AUTO ADJUSTERS |

I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on December 14, 2020 at Beverly Hills, California.

/s/ Brandon A. Block
Brandon A. Block

PROOF OF SERVICE – CASE NO. 2:20-CV-07431 RGK (KSX)